**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **RAMON P. CABRERA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **C.A. NO.  C-05-303** |
| | § | |
| **DOUG DRETKE, Director TDCJ-ID,** | § | |
| **Respondent.** | § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional

Division ("TDCJ-ID"), and currently is incarcerated at the Wynne Unit in Huntsville, Texas.

Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 (D.E. 1).

The underlying conviction which is the subject of the petition is a 2001 Nueces County

conviction for the felony offense of murder.  Petitioner makes the following claims: (1) his rights

to due process of law, equal protection and a fair and impartial trial were violated when an

unconstitutionally selected juror was empaneled on the jury; (2) he was denied effective

assistance of counsel and (3) the trial court erred when it failed to grant his motion for a mistrial

following the display of a prejudicial photograph to the jury.  On October 31, 2005 respondent

filed a motion for summary judgment to which petitioner did not respond (D.E. 11).

**BACKGROUND**

Following a plea of not guilty, petitioner was convicted of murder by a jury in the 214th

Judicial District Court of Nueces County, Texas, in Cause No. 99-CR-3234-F, styled <u>The State

of Texas v. Ramon Cabrera</u> (Record at 48).[1]  At the punishment phase of the trial petitioner

---

[1]The state court records are located at D.E. 13 and 14.

requested probation but the jury imposed a sentence of 99 years incarceration in TDCJ-ID

(Record at 48).  Petitioner filed an appeal with the Thirteenth Court of Appeals, which affirmed

his conviction on November 21, 2002.  Cabrera v. State, No. 13-01-181-CR (Tex.App.–Corpus

Christi, Nov. 21, 2002, pet. ref'd)(not designated for publication).  He also filed a petition for

discretionary review which was refused by the Texas Court of Criminal Appeals on April 30,

2003 (D.E. 11, Ex. A).

> The Thirteenth Court of Appeals summarized the facts of petitioner's case as follows:
>
> On October 15, 1999, several persons had been drinking at the home of David Saenz.
> Appellant requested that Saenz, a musician, play a particular song.  After Saenz said he
> was not familiar with the song, he and appellant argued.  Freddie De Leon, Saenz's friend
> and neighbor, testified that appellant pulled out a gun and shot Saenz.  Appellant fled, but
> was later arrested.  The gun and two boxes of ammunition were recovered from his
> vehicle.  Appellant was transported back to the scene, where he was identified by several
> witnesses.

Cabrera v. State, No. 13-01-181-CR, slip. op. at 2 (Tex.App.–Corpus Christi, November 21,

2002, pet. ref'd).

During jury selection, prospective juror Aurlie Strealy raised her hand when the

prosecutor asked whether there was anyone who would not be able to consider the full range of

punishment–including probation–in a murder case (3 Tr. 44-45).  During individual questioning

of Strealy, the following conversation took place:

> A: I could never consider probation.
> Q: Under any circumstances.  And there's no right or wrong answers?
> A: My problem is that probation, I don't feel like probation is–I don't think it's
> supervised well enough.
> Q: Okay.  So there's no way I could convince you, or he could convince you in any way
> to do that?
> A: No.
> Q: If that's how you feel, that's fine.  I just need to make sure what–we're explaining the
> law, okay?
> A: Nuh-um.

(3 Tr. 63-64).  Petitioner's attorney asked no questions of  Strealy and did not move to challenge

her for cause, although several other jurors were challenged after they said they could not

consider probation in a murder case (3 Tr. 73-75, 82, 120-122, 131-133, 146-147).  Petitioner's

counsel also did not exercise a peremptory strike against Strealy and consequently, she served on

the jury (Record at 28).

Petitioner did not file an application for habeas corpus relief in state court, but filed an

application in federal court, which was dismissed without prejudice so that he could fully

exhaust his state court remedies.  <u>Cabrera v. Dretke</u>, No. 04-CV-01 (S.D. Tex. Nov. 30, 2004).

On October 15, 2004 petitioner filed an application in state court for habeas corpus relief.  <u>Ex</u>

<u>Parte Cabrera</u>, App. No. 60,615-01 at 1-20.  The application was denied without written order on

the findings of the trial court on June 8, 2005.  <u>Id.</u> at cover.

Petitioner filed this pending federal application on June 14, 2005 (D.E. 1).  He argues

that his rights to due process, equal protection and to have a fair and impartial trial were violated

because Strealy served on the jury and also because a prejudicial picture was shown to the jury.

He also argues that his counsel was ineffective because he did not challenge Strealy for cause or

exercise a peremptory strike against her.

Respondent concedes that petitioner exhausted the claims brought in his federal petition.

Respondent moves to dismiss petitioner's cause of action as time-barred and also on the merits.

**APPLICABLE LAW**

**A.  Statute of Limitations**

Respondent seeks to dismiss petitioner's application for habeas corpus on the grounds

that the application was filed outside the one-year limitation period set by the Antiterrorism and

3

Effective Death Penalty Act of 1996 (AEDPA).  Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant  was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus on June 14, 2005 and so is subject to its provisions.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Petitioner's conviction became final when the time for filing a petition for writ of certiorari expired, which was 90 days after the Court of Criminal Appeals denied review.  SUP. CT. R. 13.1. In petitioner's case, the date would have been July 29, 2003.  He had one year from that date, or until July 29, 2004 to file his federal petition.  28 U.S.C. § 2244(d)(1)(A);  Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998).  Petitioner did not file his petition until June 14, 2005, almost a year after the limitations period expired.

4

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).  See also  Coleman v. Johnson, 184 F.3d 398 (5ᵗʰ Cir. 1999)(petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied). However, petitioner did not file his state court petition until October 15, 2004, after the deadline for filing the federal court petition had passed, meaning that the period during which the state action was pending cannot be counted to extend the filing deadline.

Because petitioner's first federal petition was dismissed without prejudice so that he could exhaust his state court remedies, he may believe that it also served to toll the statute of limitations.  However, the Supreme Court has held that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and the pendency of such an action does not toll the limitations period.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001).

It also does not appear that petitioner is entitled to equitable tolling, which is permissible only in "rare and exceptional" circumstances.  Davis v. Johnson, 158 F.3d 806, 811 (5ᵗʰ Cir. 1998).  Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  Excusable neglect does not support equitable tolling.  Coleman v. Johnson, 184 F.3d at 402.  Because equitable tolling is available only when the petitioner meets the high hurdle of showing that (1) extraordinary circumstances (2) beyond his control (3) made it impossible to file his petition on time, equitable tolling is inappropriate in most cases.  Henderson v. Johnson,

5

1 F.Supp.2d 650, 653 (N.D. Tex. 1998); <u>Paige v. United States</u>, 171 F.3d 559, 561 (8th Cir.

1999). <u>See also</u> <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999)(commenting that court can

allow untimely petition to proceed under the doctrine of equitable tolling only in extraordinary

circumstances). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance

because it is typical of those bringing § 2254 claims. <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th

Cir. 2000). Accordingly, because petitioner's application for habeas corpus relief was filed

outside the one-year deadline, it should be dismissed.

### B. Merits

Respondent argues in the alternative that petitioner's application should be dismissed on

the merits. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits

in State court proceedings unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court

arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law

or if the state court decides a case differently than the Court on a set of materially

indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may

grant the writ if the state court identifies the correct governing legal principle from the Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case.  Williams v.
Taylor, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d (2000).

      Although "unreasonable" is difficult to define, the Supreme Court noted that it is an
objective, rather than subjective, standard and emphasized that there is a critical difference
between an unreasonable application of federal law and a merely "incorrect" or "erroneous"
application of federal law.  Neal v. Puckett, 239 F.3d 683, 687 (5th Cir. 2001)(citing Williams,
120 S.Ct. at 1522-1523).  A federal court has no authority to grant habeas corpus relief simply
because it concludes in its independent judgment that a state court's judgment is erroneous or
incorrect.  Neal, 239 F.3d at 687.  In determining whether a state court decision in a habeas case
is reasonable, the focus is on the ultimate legal conclusion reached by the state court and not on
whether the state court considered and discussed every angle of the evidence.  "[T]he only
question for a federal habeas court is whether the state court's determination is 'at least
minimally consistent with the facts and circumstances of the case.'"  Neal, 239 F.2d at 696 (citing
Hennon v. Cooper, 109 F.3d 330, 334-335 (7th Cir. 1997)).

      **(1) Due Process, Equal Protection and Fair and Impartial Juror Claims**

      The state Court of Appeals denied petitioner's request for relief based on Strealy's being
chosen for the jury because petitioner failed to challenge her for cause or to exercise a
peremptory strike against her.  Cabrera v. State, slip. op. at 2-3.  A federal court is barred from
reviewing a question of federal law decided by a state court if the decision of that court rests on a
state law ground that is independent and adequate to support the judgment.  Coleman v.

Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553, 2554, 115 L.Ed.2d 640 (1991)[2].  In order to overcome the procedural bar, a petitioner must show either cause and prejudice for the error, or that failure to hear the claims would result in a miscarriage of justice.  Sawyer v. Whitley, 505 U.S. 333, 338-339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992).  In order to show a "miscarriage of justice," the petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.  Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995).

Petitioner cannot make such a showing.  In his petition, he argues only that he was eligible for probation because he had never been convicted of a felony and that neither side offered any punishment evidence.  Given the fact that evidence at trial showed that petitioner walked up to a man and shot him to death after he refused to play a requested song, the fact that petitioner technically was eligible for probation does not lead to a conclusion that if Strealy had been struck the jury would have assessed a probated sentence.  Accordingly, petitioner cannot show a "miscarriage of justice" and this court is barred from considering petitioner's application for habeas corpus because his claims were dismissed by the appellate court on adequate and independent state grounds.

**(2) Ineffective Assistance of Counsel**

Petitioner argues that his counsel was ineffective for not challenging Strealy for cause or exercising a peremptory strike against her.  To prevail on an ineffective assistance of counsel

---

[2]Because the Texas Court of Criminal Appeals denied petitioner's application for habeas corpus relief without written order on the findings of the trial court (Ex Parte Cabrera, App. No. 60,615-01 at cover), it is presumed that it rejected the argument for the same reason the 13th Court of Appeals did–that it was procedurally barred because petitioner did not raise the objection at trial. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991).

claim, a petitioner must meet the two-prong test set out in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).  He must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable.  <u>Id.</u>, 466 U.S. at 687-8, 104 S.Ct. at 2064.  Petitioner must show "significant prejudice" in a noncapital context.  <u>Armstead v. Scott</u>, 37 F.3d 202 (5th Cir. 1994), <u>cert. denied</u>, 115 S.Ct. 1709, 131 L.Ed. 2d 570 (1995)(citing <u>Spriggs v. Collins</u>, 993 F.2d 85, 88, n. 4. (5th Cir. 1993)).  Prejudice in this context means that the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 694, 104 S.Ct. at 2068.

As discussed in the Thirteenth Court of Appeals opinion, it is impossible to determine from the court transcript whether petitioner's attorney's failure to strike Strealy was a mistake on his part or whether it was part of a trial strategy.  However, even assuming it was a mistake, petitioner still must show that the failure caused significant prejudice.  Petitioner asserted only a conclusory allegation that because he was eligible for probation, he would have received probation or a significantly shorter sentence had Strealy not been on the jury.  But without some evidence to support his claim, he cannot prevail.  "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else in the record, to be of probative evidentiary value."  <u>Ross v. Estelle</u>, 694 F.2d 1008, 1011 (5th Cir. 1983).

Not only did petitioner fail to provide any evidence in support of his allegation, the facts of the case strongly suggest otherwise.  The evidence presented by the prosecution was chilling

and showed that petitioner calmly killed a man following a frivolous argument.  Petitioner did

not offer a defense, other than that he did not remember the incident at all.  The jury assessed the

99-year sentence after deliberating over punishment for less than two hours, (8 SF 38-41), which

does not support a conclusion that but for Strealy's presence, the jury would have assessed

probation or a lesser sentence.  In the face of overwhelming evidence that petitioner killed his

neighbor without provocation, it cannot be said that the failure to strike Strealy from the jury

caused him significant prejudice.  See Leal v. Dretke, 428 F.3d 543, 552-553 (5th Cir. 2005)(in

light of overwhelming evidence of guilt, evidence of prejudice produce at state habeas trial is

insufficient to make debatable district court's refusal to grant habeas relief) and Johnson v.

Cockrell, 301 F.3d 234, 239 (5th Cir. 2002)(in light of overwhelming evidence against petitioner

and his extensive prior record, it is highly likely he would have been sentenced to death even

absent the testimony about which he objects).  Because petitioner cannot make a showing that

his counsel's failure to strike Strealy caused him significant prejudice, his claim for ineffective

assistance of counsel should be dismissed with prejudice.

### (3) Prejudicial Photograph

Petitioner's final argument is that the trial court failed to grant his motion for mistrial

following the display of a prejudicial photograph, identified as State's Exhibit 14, to the jury.

During the trial, a witness inadvertently showed the jury a close-up photograph of the victim's

body and gunshot wound (5 SF 271-272).  The court had previously ruled that the photograph

would not be admitted into evidence because its prejudicial aspects outweighed its probative

benefit (5 SF 180).  When the witness showed the photograph to the jury, the court stated

"That's totally improper to show that to the jury.  I'm gonna ask the jury to be taken out of the

courtroom." (5 SF 272).  The court also instructed the jury to disregard the picture (Id.).  The court described the photograph as "among the worst" he had ever seen (5 SF 277).  Petitioner's counsel moved for a mistrial based on the witness having flashed the photograph in front of the jury, but the court denied the motion (5 SF 277).

In examining this issue, the Thirteenth Court of Appeals set out the criteria for granting a mistrial and noted that there is an appellate presumption that an instruction to disregard the evidence will be obeyed by the jury.  Cabrera v. State at * 5-6.  The court next listed the factors to be considered when determining the related question of  whether the probative value of photographic evidence is substantially outweighed by the danger of unfair prejudice.  The court then stated that because petitioner had failed to make the photograph a part of the appellate record, it could not evaluate the potential harm caused by the photo, but would rely on the trial court's determination that an instruction to disregard the photo was sufficient to cure the harm. Id. at 6-7.

Petitioner has not made a showing that the state court decision was opposite to that reached by the U.S. Supreme Court on a question of law or that the state court decided the case differently from a Supreme Court case on a set of materially indistinguishable facts.  The Supreme Court has held that juries are presumed to follow their instructions.  Zafiro v. United States, 506 U.S. 534, 540-41, 113 S.Ct. 933, 939, 122 L.Ed.2d 317 (1993)(citing Richardson v. Marsh, 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987).  Petitioner has presented no evidence that the jury did not do so in his case.

Moreover, even if the failure to declare a mistrial were a mistake, it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  Rather, a

habeas court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991)(citations omitted).  In order to be actionable in a habeas corpus proceeding, a trial error must have had a substantial and injurious effect or influence in determining the jury's sentence.  Trevino v. Johnson, 168 F.3d 173, 184 (5th Cir. 1999)(internal citations and quotations omitted).  A habeas petitioner is not entitled to relief based on trial error unless they can establish that it resulted in actual prejudice.  Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993).

As discussed above, the proof of petitioner's guilt was overwhelming, as was the cool, calculated nature of his actions on the day he killed the victim.  In light of the testimony and other evidence of petitioner's guilt entered in the case, the quick showing of the photograph to the jury could not have had a substantial and injurious effect or influence in determining his sentence.  See  Corwin v. Johnson, 150 F.3d 467, 477 (5th Cir. 1998)(in light of extensive and convincing evidence guilt, wrongful introduction of prejudicial evidence did not have substantial and injurious effect in determining jury's verdict).  Accordingly, summary judgment should be entered for respondent on petitioner's claim regarding the photograph.

**C.  Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a

12

petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on procedural grounds, and, in the alternative, on the merits.  If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further

13

recommended that the COA be denied because he has not made the necessary showing for issuance of a COA on either ground.

## **RECOMMENDATION**

It is respectfully recommended that respondent's motion for summary judgment (D.E. 11) be GRANTED.  Petitioner's application for habeas corpus relief should be DISMISSED with prejudice.  It is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 1st day of February, 2006.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 ( 5th Cir. 1996) (en banc).